THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH FARINA, Petitioner, against MILTON KLEIN, as Warden of Brooklyn City Prison, Defendant.

Supreme Court, Special Term, Kings County, October 4, 1955.

*Harry Borden* for petitioner.

*Edward S. Silver, District Attorney (William I. Siegel* of counsel), for defendant.

ARKWRIGHT, J. Petitioner seeks by writ of habeas corpus to test the legality of his present detention under sentence imposed upon him by a judge of the Kings County Court.

The relevant facts are as follows: Petitioner was indicted for the crime of burglary in the third degree. Upon arraignment in the County Court, he was told by the Judge presiding thereat that if he pleaded guilty he would receive a lesser sentence at his hands than if he elected to stand trial and was convicted. Relying upon such promise, the petitioner pleaded guilty. Later, he received a greater sentence than the one promised him and in reliance upon which he had made his plea.

Petitioner thereupon made application in the County Court for a writ of error *coram nobis*. Such application came on for hearing and determination before the Judge who had imposed sentence upon him under the burglary indictment. The learned Judge conceded that the sentence originally imposed was improper by reason of the promise which had been given the defendant and not followed, and vacated the sentence by sustaining the writ.

No complaint is made as to the procedure up to this point.

It is well established that a promise as so made is binding upon the court and that a failure to adhere to it, even through mistake or inadvertence (as here), is in law tantamount to fraud or misrepresentation, impairing a defendant's constitutional rights to due process and fair trial, and would require a vacating of the sentence upon a review (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19, 25; *People* v. *Sullivan,* 276 App. Div. 1087, 1088).

Defendant was remanded for "resentence." Subsequently, he was brought up again for that purpose and at that time, despite the challenge made by his attorney to the legality of the procedure, he was sentenced to the term which had originally been promised him.

Petitioner takes the position on the present motion that the County Court, having sustained the *coram nobis* application and voided the sentence originally imposed, necessarily voided the plea which had been induced by the "fraudulent" promise and that the resentence lacked the basis either of a conviction following a trial or of a plea of guilty which would be the equivalent thereof (cf. in this respect *Matter of Leonard* v. *Barnes,* 280 App. Div. 1, 3, where the resentence followed a renewed plea).

The ordinary legal effect of sustaining a writ of *coram nobis* is to void the proceedings *ab initio* (24 C. J. S., Criminal Law, p. 157; *People* v. *Sullivan, supra*; *State* v. *Lindsey,* 231 Ind. 126, 133).

Conceding this, the respondent, through the learned District Attorney, contends that the application made by the petitioner-defendant to the County Court was not a true motion in the nature of *coram nobis* but only a motion for a proper resentence.

The revealed facts do not support such contention. The writ on its face was stated to be in the nature of a *coram nobis* application, which is available for the correction of judicial error going to constitutional rights on facts dehors the official record, and the writ was sustained as such.

The District Attorney further challenges the availability to petitioner of a review of the procedure by habeas corpus application to this court. In that, he stands on firmer ground.

While the vigilantly preserved writ of habeas corpus, going to jurisdiction and the legality of detention and imprisonment, has lost none of its ancient effectiveness here, in this State, by legislative direction (Civ. Prac. Act, § 1231), it has been channelled into paths where other available remedies are lacking or, for any reason, cannot effectively be employed.

Conceding petitioner's claim that the resentence under which he is committed lacks proper basis, the fact remains that he is now " detained by virtue of the final judgment  *  *  * of a competent tribunal of  *  *  * criminal jurisdiction  *  *  * or by virtue of an execution or other process issued upon such a judgment " (Civ. Prac. Act, § 1231). The County Court is a criminal court having jurisdiction of the offense charged in the indictment and of the person of the defendant held to answer to it. If the judge thereof, in fact, erred in imposing resentence in the manner alleged, it was an error of judgment and of law which is subject to review and correction by a procedure available in the said County Court (*Matter of Morhous* v. *New York Supreme Court*, 293 N. Y. 131, 140, 141).

Although the distinction between a void judgment and an erroneous judgment is at times difficult of determination, a judgment of a court of competent jurisdiction, though erroneous, is not void if the court had jurisdiction of the person of the accused and jurisdiction to try the charge made against him. (*People ex rel. Carr* v. *Martin*, 286 N. Y. 27.)

" If the judgment is merely erroneous, the court having given a wrong judgment when it had jurisdiction, the party aggrieved can only have relief by writ of error, or other process of review. He cannot be relieved summarily by *habeas corpus.*" (*People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559, 570.)

In *People ex rel. Bailey* v. *McCann* (222 App. Div. 465, 466), reversing the sustaining of a writ of habeas corpus in a case

where it was contended that the conviction of the relator was based upon testimony insufficient as a matter of law to make out the crime charged and that the convicting court was without jurisdiction, the opinion states: "There must be an entire absence of jurisdiction, that is, an issuance of a judgment or mandate detaining a prisoner which is wholly void and not merely an erroneous exercise of jurisdiction. All that jurisdiction connotes is power to hear and make a determination of the charge, and where there is no jurisdiction there is no power to act. If jurisdiction be erroneously exercised, this does not constitute a lack of jurisdiction. It merely renders the judgment possible of being reversed or avoided. It does not make the judgment a nullity."

For the reasons stated, the writ is dismissed and the relator remanded.