167 So.2d 915

Lee MARTIN

v.

STATE.

6 Div. 4.

Court of Appeals of Alabama.

Aug. 18, 1964.

Rehearing Denied Oct. 6, 1964.

Robt. French, Jr., Tuscaloosa, for appellant.

Richmond M. Flowers, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CATES, Judge.

Martin pled guilty to first degree burglary. A jury fixed his punishment at twelve years in the penitentiary. He then appealed.

October 23, 1963, the grand jury handed down the indictment. Count one was for rape; two and three charged burglary first degree.

November 8, we find the following judgment entry in the record:

"This day came defendant in open Court in his own proper person and the Court then and there:

"1. Informed defendant that defendant had been indicted in this case by the Grand Jury of Tuscaloosa County, Alabama.

"2. Explained to the defendant the nature, character and elements of the offenses included in the indictment.

"3. Informed defendant that he had the right to a fair and impartial public trial before a jury selected according to law.

"4. That defendant's case would soon be set for trial.

"5. With defendant to have the right to have witnesses summoned in defendant's behalf and make other necessary arrangements and preparation for trial of this case.

"6. And with the right to defendant to be heard by counsel and witnesses and by defendant and that defendant may testify in defendant's behalf or not as defendant may elect or choose.

"7. That defendant has the right to hire and have counsel of his own choosing to represent defendant in this case if defendant elects to do so.

"8. That if defendant does not hire an attorney, or is not able to hire counsel, of his own choosing that it will be the duty of the Court to appoint counsel to represent defendant and that the Court will do so if requested by the defendant.

"9. That all defendants are presumed to be innocent until proven guilty beyond a reasonable doubt and that defendant will enter on the trial with this presumption in his favor.

"10. That defendant has the right to plead not guilty and not guilty by reason of insanity and defendant has the right to plead guilty, if he elects so to do; and that defendant has the right to plead not guilty even though defendant is guilty.

"11. That defendant has a right to negotiate with the State about a satisfactory settlement of this case, if defendant elects to do so, but that this is not compulsory but is at defendant's sole option and choice.

"12. That defendant need not make any statement to any person or officer as to defendant's case or the handling thereof or the evidence in connection therewith unless defendant elects to do so voluntarily and of his own free will and accord of defendant.

"Defendant then and there in open court deliberately, knowingly, understandingly, intelligently and in clear voice replied and informed the Court that defendant fully understood his rights in this case and that defendant had no further inquiries to make or questions to ask of the Court.

8th day of November, 1963.

"After the Court explained to defendant the rights given to defendant as set out above the defendant herein now informs the Court on this day that defendant does not have counsel herein and asks the Court to appoint counsel to represent defendant herein and in response to such request the Court now hereby appoints Hons. A. L. McDuff and Robert French, capable, practicing and duly licensed attorneys of the Tuscaloosa, Alabama, Bar, who are well educated and trained and graduates of the Law School of the University of Alabama to represent defendant in this case and said attorneys accept such appointment and agree to represent defendant in this case as his attorneys whereupon defendant and his attorneys go into private consultation."

Thereafter, in open court, attended by counsel, Martin plead not guilty.

On November 19, the day theretofore set for his trial, Martin, in open court and attended by counsel, withdrew his plea of not guilty and plead guilty to burglary in the first degree. The verdict has the effect of acquitting him of count one.

Under Code 1940, T. 15, § 389, we are required to search the record for errors even on a plea of guilty. See Geeter v. State, 35 Ala.App. 207, 45 So.2d 167. The instant appeal on a "record proper" involves no consideration of the evidence because no transcript of testimony is certified to us.

Usually, in such appeals, we issue no opinion. Mahaley v. State, 39 Ala.App. 472, 103 So.2d 824. This, particularly, where the search (§ 389) leads us to believe the appellant seeks but to stall off the inevitable advent of the penitentiary agent.

Act No. 526, September 16, 1963, Laws 1963, p. 1136, provides for the appointment of counsel, not only in noncapital criminal cases at nisi prius, but also on appeal. Section 4 reads:

"Section 4. In all criminal cases wherein a defendant has been convicted of a serious offense in which an appeal lies directly to the Supreme Court or Court of Appeals, and if said defendant expresses his desire to appeal said conviction, the court shall cause to be entered upon its minutes a recital of notice of appeal. The court shall then ascertain and make findings in reference to the appeal concerning those items listed as 1, 2, and 3 in Section 1 of this act.

"If it appears that defendant desires to appeal and is unable financially or otherwise to obtain the assistance of counsel on appeal and defendant expresses the desire for assistance of counsel the trial court shall appoint counsel to represent and assist defendant on appeal. The presiding judge of the court to which the appeal is taken

shall have authority to appoint counsel in the event the trial court fails to appoint, and in the event it becomes necessary to further provide for counsel. It shall be the duty of such counsel as an officer of the court and as a member of the Bar to represent and assist said defendant in the appeal."

Here, however, we have a record where, at arraignment, the defendant was within Code 1940, T. 15, § 318 (counsel appointed in capital cases). But, since he did not receive the death sentence, his right to counsel on appeal, if any, comes from Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, and from § 4 of Act No. 526, supra, rather than from the Automatic Appeal Act (No. 249, June 24, 1943).

The only resemblance to Douglas that we find here is that this is the first and only appeal and it is of right. Otherwise, we note that Martin made a plea of guilt on advice of counsel and no request for appointment of counsel to prosecute an appeal. The indictment, sentence and the rest of the record were scrutinized by counsel below. Accordingly, Martin has had the benefit of counsel not only as to the record before us, but also as to any potential questions on matters of record below which must or can be left out of the record on appeal; e. g., Supreme Court Rules 24 and 25.

Attention is called to the Appendix which sets out our questions and the answers of the Supreme Court as to what the record needs to show in appeals where a question of the prisoner's ability to hire counsel and pay for a record arises.

The face of this record originally showed neither name nor address of appellant or counsel.

Supreme Court Rule 16, first paragraph, reads:

"In criminal cases, and in all other cases in which briefs are not required, the name of the defendant and his mail-

ing address, or the name of his attorney and his mailing address, shall be shown on the face of the record."

■ An appellant, under O'Neal v. State, 267 Ala. 79, 99 So.2d 701, is not prejudicially deprived of notice of submission if he is apprised of our decision with time to apply for a rehearing.

By certiorari the State has supplemented the record so that it now affirmatively discloses the appellant being summoned to make known to the court his arrangements for counsel on appeal.

■ We conclude the record now affirmatively shows that the defendant has been accorded the requisites of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, and Douglas v. California, supra.

We have carefully examined the whole record before us and consider the judgment below should be

Affirmed.

### On Rehearing

CATES, Judge.

Appellant's brief to support his application for rehearing contends the trial court "was in error for failing to make the following findings under Section I of Act No. 526 which are:

"1. Whether or not defendant has arranged to be represented by and have the assistance of counsel.

"2. Whether or not defendant desires the assistance of counsel.

"3. Whether or not defendant is able financially or otherwise to obtain the assistance of counsel."

The brief continues:

"The Appellant here was allowed by the Circuit Court to perfect his own appeal without making the foregoing findings

and thus in effect denied the Appellant the right to counsel to assist in his appeal all in violation of his constitutional rights under the fourteenth amendment to the Federal Constitution, Douglas v. California, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811]. * * *"

While it might be conceded arguendo that the appellant was not, on November 19, 1963, put through all the statutory queries listed in § 4 of the act, yet this oversight was corrected.

On May 20, 1964—while the appeal was under submission to this court—the circuit court caused notice to be served on the appellant to appear and make known to the court:

"(1) Whether or not defendant has arranged to be represented by and to have assistance of counsel on appeal herein.

"(2) Whether or not defendant desires the assistance of counsel on the appeal herein.

"(3) Whether or not defendant is able financially or otherwise to obtain the assistance of counsel on appeal in this case.

"(4) If appellant has obtained counsel to represent appellant on appeal herein that appellant furnish the name and mailing address of the attorney for appellant herein on appeal."

May 27, 1964, in open court, the appellant appeared and answered questions 1, 3 and 4, "No," and question 2, "Yes."

Upon finding, among other things, that the appellant was not able financially or otherwise to obtain the assistance of counsel on appeal, the court appointed Hon. Robert French of the Tuscaloosa Bar to represent the appellant. The entry goes on to show

Mr. French's acceptance of the appointment.

From the explanation of Livingston, C. J., Lawson, Goodwyn and Merrill, JJ., in the response to certified questions, infra, we note:

"We do not think that a judgment in a criminal case should be forthwith reversed simply because the record fails to disclose that the findings referred to in §§ 1 and 4 of Act No. 526, supra, are included in the record on appeal. It is our view that if no such findings are included in the record, the State should seek to have the record corrected by petitioning for a writ of certiorari to be directed to the clerk of the circuit court to transmit to the appellate court the findings presumably made by the trial judge and the action taken on those findings, if any. If the return to the writ shows that no such findings were made, then, in our opinion, the cause should be remanded to the trial court so that such findings may be made and included in a corrected record to be returned to the appellate court. * * *"

There have been two supplements to the record. The first was merely expository, the second reflects the hearing of May 27, 1964, supra, in the circuit court.

In sum, this second supplement reflects action by the trial court taken as if we had remanded the cause to bring about the appointment of appellate counsel. This is substantial compliance with the statute and the quoted part of the opinion of the Supreme Court, supra.

 That the trial court initially overlooked—probably before the printed Acts of 1963 were distributed—the directions of § 4 of Act No. 526 confers no vested right on a defendant to take umbrage in perpetuation of a claimed error particularly when the mistake is later corrected for his benefit.

Application overruled.

**452**

## APPENDIX

### I.

#### Questions to Supreme Court

TO THE SUPREME COURT OF ALABAMA:

Under the provisions of Code 1940, T. 13, § 88, it is provided that:

"If the judges of said court are unable to reach an unanimous conclusion, * * *"

There is now pending in the Court of Appeals a case on appeal from the Tuscaloosa Circuit Court styled Martin v. State of Alabama (6 Div. 4), submitted February 20, 1964.

In the circuit court the defendant, being present and attended by counsel from arraignment through verdict, was convicted of burglary in the first degree on his plea of guilty to the indictment charging him therewith.

After allocution, sentence, and judgment, the defendant gave notice of appeal to the Court of Appeals. The court suspended execution of sentence pending appeal, fixing appeal bond at $6,000.00.

No further entry has been certified in the record before us. No counsel has appeared of record in this court on Martin's behalf.

The judges of this court "are unable to reach an unanimous conclusion" in this case because of their disagreement as to the effect of § 4 of Act No. 526 of September 16, 1963. This section reads:

"Section 4. In all criminal cases wherein a defendant has been convicted of a serious offense in which an appeal lies directly to the Supreme Court or Court of Appeals, and if said defendant expresses his desire to appeal said conviction, the court shall cause to be entered upon its minutes a recital of notice of appeal. The court shall then ascertain and make findings in reference to the appeal concerning those items listed as 1, 2, and 3 in Section 1 of this act.

"If it appears that defendant desires to appeal and is unable financially or otherwise to obtain the assistance of counsel on appeal and defendant expresses the desire for assistance of counsel the trial court shall appoint counsel to represent and assist defendant on appeal. The presiding judge of the court to which the appeal is taken shall have authority to appoint counsel in the event the trial court fails to appoint, and in the event it becomes necessary to further provide for counsel. It shall be the duty of such counsel as an officer of the court and as a member of the Bar to represent and assist said defendant in the appeal."

The items listed for the circuit court to find under § 1 of said Act No. 526 are:

"1. Whether or not defendant has arranged to be represented by and have the assistance of counsel.

"2. Whether or not defendant desires the assistance of counsel.

"3. Whether or not defendant is able financially or otherwise to obtain the assistance of counsel."

The following abstract questions of law upon which the judges of this court differ in said case are hereby certified to your Honorable Court under said § 88, supra:

1) If the trial court has failed or refused to ascertain and make the findings referred to in § 4 of said Act No. 526, is this reversible error?

2) If the Presiding Judge of this court acts under § 4 of said Act, must she make the same ascertainment and findings required of the trial judge?

3) Must there appear affirmatively of record that the appellant was questioned as to the need for counsel to prosecute an appeal?

4) Since, under Code 1940, T. 15, § 389, original appeals must be reviewed without regard to the appellant's filing or not filing a brief, where no brief or other communication comes to the court, can it be presumed that the appellant has counsel on appeal if he hired his own lawyer at nisi prius? Would your answer to this question be different if he was represented in the trial court by court appointed counsel?

## II.

### Response of Supreme Court of Alabama

PER CURIAM.

The Honorable Court of Appeals

Re: Your questions propounded to this Court, February 24, 1964 with reference to § 4 of Act No. 526 of September 16, 1963.

While some of your questions are not pertinent to the pending case, to each question our answer is "No".

All the Justices concur in the foregoing; but Livingston, C. J., and Lawson, Goodwyn and Merrill, JJ., think the following explanation should be made.

We think it is a matter of common knowledge that Act No. 526, approved September 16, 1963, was enacted by the Legislature to enable the courts of this state to comply with recent decisions of the Supreme Court of the United States which relate to the trial of indigent defendants, among which are Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, and Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, both decided on March 18, 1963.

In Gideon it was held that the failure of a Florida trial court to appoint counsel to represent an indigent defendant charged with a non-capital felony was a denial of due process of law. In reversing the judgment of the Supreme Court of Florida, which had affirmed Gideon's conviction, the Supreme Court of the United States overruled its decision in Betts v. Brady, 316 U. S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595.

In Douglas it was held in effect that the Fourteenth Amendment to the Federal Constitution was violated where a state appellate court denied an indigent appellant's request for appointment of counsel on appeal, under a state (California) rule of criminal procedure authorizing such denial where upon an independent investigation of the record the appellate court determines that the appointment of counsel would be of no value to either the defendant or the court. Douglas and a co-defendant had been convicted of felonies.

Even the intelligent and educated layman has small and sometimes no skill in the science of the law and in the supervision of the preparation of a record for appeal. Certainly the average indigent defendant is even more inadequately equipped.

An indigent defendant should not be denied the right to counsel on appeal simply because the record transmitted to the appellate court fails to show a compliance with the terms and provisions of § 4 of Act No. 526, supra.

In regard to your abstract questions of law certified to us, we make the following responses.

We do not think that a judgment in a criminal case should be forthwith reversed simply because the record fails to disclose that the findings referred to in §§ 1 and 4 of Act No. 526, supra, are included in the record on appeal. It is our view that if no such findings are included in the record, the State should seek to have the record corrected by petitioning for a writ of certiorari to be directed to the clerk of the circuit court to transmit to the appellate court the findings presumably made by the trial judge and the action taken on those findings, if any. If the return to the writ shows that no such findings were made, then, in our opinion, the cause should be remanded to the trial court so that such findings may be made and included in a corrected record to be returned to the appellate court. If a trial judge should refuse to make the required findings, a situation which we do not believe will present itself, then the extraor-

**454**

dinary writ of mandamus may be resorted to to have such findings made.

In regard to your second question, it is our opinion that the provisions of § 4 of Act No. 526, supra, do not contemplate that the presiding judges of the appellate courts of this state are to make the same ascertainment and findings required of the trial judge. It is our view that the presiding judges are to act on the findings made by the trial judge where the trial judge, after making the findings, fails to appoint counsel. However, we believe that the presiding judges have the inherent power and authority to make such inquiries as are necessary to assure an indigent appellant, who desires counsel on appeal, to have counsel appointed.

In regard to the matter of appointment of counsel, some of the provisions of §§ 4 and 6 of Act No. 526, supra, must be viewed in the light of the holding of the Supreme Court of the United States in the Douglas Case, supra.

In response to your third question, it is our opinion that it is not necessary for the record presented on appeal to show that the appellant was questioned as to need for counsel to prosecute an appeal except to determine whether or not the defendant is able financially or otherwise to obtain the assistance of counsel where an appeal has been indicated and the defendant has expressed a desire for the assistance of counsel. As we understand the holding in the Douglas Case, supra, an indigent defendant is entitled to have counsel appointed on "the first appeal" if request therefor is made.

In regard to your question No. 4, it is our opinion that it cannot be presumed that an appellant is represented by counsel in the appellate court where no brief has been filed or argument made, irrespective of whether the appellant was represented in the trial court by counsel of his own choosing or by court-appointed counsel.

So, our answer to each of your abstract questions is in the negative.