174 So.2d 790

**Harvey HAMILTON**

v.

**STATE.**

**8 Div. 8.**

Court of Appeals of Alabama.

May 4, 1965.

Harvey Hamilton, pro se.

Richmond M. Flowers, Atty. Gen., for the State.

CATES, Judge.

This is an appeal from judgment of conviction, after plea of guilty after indictment for transporting five gallons or more of prohibited liquor.

The appellant was attended by counsel at all critical stages of the proceedings. No lawyer has appeared for appellant in this court.

The Attorney General, under the requisites of Martin v. State, 42 Ala.App. 447, 167 So.2d 915, and 277 Ala. 153, 167 So.2d 912, asked certiorari to ascertain, among other things, whether or not there was an order of the trial court as to appointment of counsel vel non on the appellant's making known his desire to appeal.

The Circuit Clerk has responded as to this phase of the case:

"With reference to the Appeal, the record is silent as to the questions con-

cerning whether or not the defendant was represented and had assistance of counsel, and whether or not the defendant desired assistance of counsel, and whether or not the defendant was financially able to obtain the assistance of counsel."

In Martin v. State, 277 Ala. 153, 167 So. 2d 912, we put the following question to the Supreme Court:

"4) Since, under Code 1940, T. 15, § 389, original appeals must be reviewed without regard to the appellant's filing or not filing a brief, where no brief or other communication comes to the court, can it be presumed that the appellant has counsel on appeal if he hired his own lawyer at nisi prius? Would your answer to this question be different if he was represented in the trial court by court appointed counsel?"

Appended to the unanimous "No," four of the Justices set forth the following comment:

"In regard to your question No. 4, it is our opinion that it cannot be presumed that an appellant is represented by counsel in the appellate court where no brief has been filed or argument made irrespective of whether the appellant was represented in the trial court by counsel of his own choosing or by court-appointed counsel."

Accordingly, we remand the cause to the circuit court for the limited purpose of examining the appellant under § 4 of Act No. 526, September 16, 1963, Laws 1963, p. 1136, so as to comply with the Rule of Douglas v. California, 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed.2d 811 as laid down in said § 4. See also Martin v. State, 42 Ala.App., 447, 167 So.2d 915.

Remanded.

PRICE, P. J., not sitting.