179 So.2d 335

Sigmon SIMPSON

v.

STATE.

I Div. 45.

Court of Appeals of Alabama.

Oct. 13, 1965.

---

Sigmon Simpson, pro se.

Richmond M. Flowers, Atty. Gen., for the State.

CATES, Judge.

This appeal submitted September 30, 1965, is from a judgment of the circuit court which refused to allow Simpson a free transcript of evidence to implement his appeal in a coram nobis case.

The appellant aptly cites Cooper v. Alabama, 375 U.S. 23, 84 S.Ct. 84, 11 L.Ed.2d 43, for reversal.

The Attorney General has neglected to file any brief or confession of error.

### I.

January 15, 1965, the trial court determined that Simpson was "unable to employ an attorney to represent him."

March 26, 1965, the court after an extensive opinion ordered that Simpson's coram nobis petition be denied.

On April 6, Simpson, pro se, filed with the circuit clerk his notice of appeal from the March 26 judgment, and a motion for a free transcript of the evidence.

On April 23 the court entered two orders: the first order (construed in the light of the second) granted Simpson's motion for a transcript of the record proper; the second order denied Simpson's motion for a free transcript of the evidence.

Simpson also noted an appeal from this second order.

### II.

■ Under Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892, a State must (as under Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, for direct appeals) give a pauper prisoner a full transcript of evidence or its substantial equivalent on appeal from a post conviction hearing.

■ Though we suspect that the trial judge correctly relied on the principle of decision in McIntosh v. Commonwealth, Ky., 368 S.W.2d 331, nevertheless Lane v. Brown, supra, Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899, compel us to remand. See Lott v. State, 276 Ala. 227, 160 So.2d 636; and Ex parte Hable, 278 Ala. 11, 174 So.2d 689.

### III.

As was done in Hamilton v. State, 42 Ala. App. 628, 174 So.2d 790, we remand for supplementation of the record so as to be able to consider the merits of the judgment denying the writ of error coram nobis.

The time from April 23, 1965, will be excluded from the running of the time for filing which would otherwise obtain. Chase v. Page, 10 Cir., 343 F.2d 167. The transcript of evidence will come up as under Supreme Court Rule 48.

Remanded with directions.