227 So.2d 818

**James Edward CHAMPION**

v.

**STATE.**

**6 Div. 22.**

Court of Criminal Appeals of Alabama.

Nov. 4, 1969.

James W. Strudwick, Tuscaloosa, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from denial of writ of coram nobis to review a conviction of second degree burglary based on a plea of guilty.

I

The ground for setting aside the conviction is Champion's allegation and testimony that when he was brought into the city police station in Tuscaloosa, while talking on the telephone to his mother, a city detective started beating on him. His mother, to the extent of her ability from what she heard of the telephone conversation, corroborated this claim.

The State filed a motion to dismiss based on two major grounds: first, that this allegation was of a fact known to Champion at the time he plead guilty in open court and second, that on the occasion of another coram nobis hearing he made no mention of this claim of police brutality to Judge Mize.

## II

To explain away his appearing in open court with a lawyer when he plead guilty, Champion asserts that it was his then uncommunicated fear of renewal of the beating that prompted his silence.

We note on the other hand that the defendant was first arraigned April 11, 1967 and was appointed a lawyer; that on May 8, 1967, he appeared with his lawyer and plead not guilty. On May 29, 1967, he was in court before Honorable Roy Mayhall sitting as a special judge and had the case passed and it was not until September 6, 1967 that the defendant plead guilty.

He testified that in the meantime his lawyer had "copped" a plea for a two-year sentence for him.

▮ However, we think that the trial judge was correct in denying the writ of coram nobis on this rather tenuous record because it is shown that the defendant was apparently at all times from March 17, 1967 free on bond. Indeed, he was able to keep his feet on the ground up until November 30, 1967, part of the time pending an investigation as to whether or not he was eligible for probation.

Without conceding that coram nobis[1] is appropriate, we have also considered this record in the light of Boykin v. Ala., 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. The trial judge substantially met the requisites of Boykin in explaining the consequences of indictment and a plea of guilty thereto with a lawyer being present in open court.

There we find:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record."

In the case of instant concern, the State introduced the consolidated docket and fee book sheet of the circuit court in Case No. 9935–A, which sets forth material which can be found in Martin v. State, 42 Ala. App. 447, 167 So.2d 915, Items 1–12, incl., p. 448, 167 So.2d 915. The trial judge explained the nature, character and elements of the offense, also that the accused has the right to a jury trial to plead not guilty even though he is guilty and the further right, among others, to negotiate with the State about a satisfactory settlement if he chooses to do so. See Boykin v. Ala., supra.

▮ In coram nobis, the plaintiff prisoner bears the burden of submitting clear, full and satisfactory proof of matters which had they been timely submitted on trial would have prevented the judgment of conviction.

In this case, we consider that the judgment below is due to be

Affirmed.

1. Senn v. State, 43 Ala.App. 323, 189 So.2d 870.