TYSON, Judge.
The appellant was indicted for the unlawful possession of ten strips of paper containing LSD, contrary to the Alabama Uniform Controlled Substances Act of 1971.[1] The Jury found the appellant guilty, as charged, and the trial court set sentence at fifteen years imprisonment in the penitentiary.
An appeal of this cause was then filed in this Court, where the transcript of the evidence was striken, because such was not timely filed in the trial court. Seibert v. State, 53 Ala.App. 229, 298 So.2d 649, cert. denied 292 Ala. 748, 298 So.2d 652.
Thereafter, the appellant filed a sworn petition for writ of error coram nobis in the Circuit Court of Madison County, averring in essence that he was prevented from asserting his defense at trial inasmuch as he had been unable to locate certain witnesses who could testify as to “details” to the effect that the appellant was “set-up” at the time of his original arrest for possession of the drug in question. Following a full hearing, with counsel present, and the taking of testimony from the witnesses desired, the trial court then entered the following order, granting eoram nobis:
“ORDER
“This cause coming on to be heard on application of Carl Michael Seibert for a Writ of Coram Nobis filed' August 20, 1974, Motion to Strike Petition on the part of the State of Alabama filed August 21, 1974, said cause having been heard and the Court having considered the pleadings and the testimony in this cause, is of the opinion the Motion to Strike on the part of the State of Alabama the Petition for Writ of Error Cor-am Nobis should not be granted; that the application on the part of Carl Michael Seibert, the defendant, should be granted, the previous judgment of conviction entered against defendant on August 29, 1973, set aside and a new trial by jury granted. It is
“Therefore ORDERED, ADJUDGED AND DECREED that the Motion to Strike the Petition for Writ of Error Cor-am Nobis filed by the State of Alabama in this cause be, and the same is hereby denied; it is
“FURTHER ORDERED, ADJUDGED AND DECREED THE application for Writ of Error Coram Nobis filed by Carl Michael Seibert be, and the same is hereby granted. The judgment of conviction entered against defendant on August 29, 1973, in this cause, be, and the same is hereby set aside; a new trial is hereby granted. The defendant is hereby released, the defendant’s bond is set at Five Thousand ($5,000.00) Dollars.
*782 “DONE AND ORDERED this 3rd day of October, 1974.
“s/s David R. Archer Circuit Judge”
Thereafter, the appellant was arraigned the second time and entered a plea of not guilty, and on the occasion of this arraignment a purported stipulation was entered into whereby the appellant, through his attorney, and the State, sought to submit this proceeding for decision to the trial court on the basis of the original transcript of the evidence and trial originally had in this cause. Based upon this purported stipulation [R. pp. 18-24], the trial court then proceeded to enter a second adjudication of guilt, and set sentence at ten years imprisonment in the State penitentiary [R. p. 22]. The trial court then directed that the complete proceedings, including the transcript of the original trial and of the subsequent coram nobis proceedings, be included in the transcript sent this Court as part of an appeal in this proceeding. It is in this posture that this Court was called upon to review this record.
I-
Prior to the adoption of Rule 50, Revised Rules of Practice, Supreme Court of Alabama, it was necessary to obtain leave to file a petition for writ of error coram nobis in the trial court from the appellate court which had reviewed the cause. See Taylor v. Alabama, 335 U.S. 252, 68 S.Ct. 1415, 92 L.Ed. 1935.
Jurisdiction to hear writs of error coram nobis, if a meritorious cause is stated, lies in the circuit court that rendered the original judgment. Rule 50, supra; Hendricks v. State (Okl.Cr.App.), 297 P.2d 576.
The writ of error coram nobis, or coram vobis, as it is sometimes indiscriminately called, was first recognized in this jurisdiction in Holford v. Alexander, 12 Ala. 280, 46 Am.Dec. 253; Snodgrass v. Snodgrass, 212 Ala. 74, 101 So. 837, and the writ can only be prosecuted by one who was a party of privity of record, or injured by the judgment, and must be directed to the court rendering the judgment. Cases herein cited.
The distinction between coram nobis and coram vobis at common law is explained in Dwyer v. State, 151 Me. 382, 120 A.2d 276, in these words:
“There was a slight distinction between coram nobis and coram vobis at common law. Originating in the sixteenth century, coram nobis was a vehicle for reversing a judgment in King’s Bench, where the record remained, whereas coram vobis was used to correct an error in another court by ordering that court to send the record and process to King’s Bench for examination and judgment. . . . ” [Authorities cited.]
In Huffman v. Alexander, 197 Or. 283, 331, 251 P.2d 87, 253 P.2d 289, 293, we find:
“The ancient writ of error coram nobis was a common-law device designed to bring before a trial court a judgment previously rendered by it for the purpose of review or modification on account of some error of fact and not of law affecting the validity and regularity of the proceedings, and which was not brought into issue at the trial. 24 C.J.S., Criminal Law, § 1606, p. 143.”
The relief granted is a new trial, not a discharge. Jeffries v. State, 40 Ala. 381; State v. Pyle, 173 Kan. 425, 248 P.2d 1086; 18 Am.Jur.2d, Coram Nobis, Section 27.
Thus, in Williams v. Dowd, 7 Cir., 153 F.2d 328, the court, drawing language from another decision, stated:
“ . . Referring to such proceedings—that is, to coram nobis proceedings—the Supreme Court of Indiana, in the case of State ex rel. Emmert v. Gentry, [223 Ind. 535] 62 N.E.2d 860, 861, [161 A.L.R. 532] said: ‘We have repeatedly held that a coram nobis proceeding is in the nature of a motion for a new trial and that it is also in the nature of a civil action. It is the nature of the former because its object is to secure the setting aside of a judgment and a retrial of the matter upon which judgment had been rendered. . . . ’”
*783 Freeman on Judgments correctly states the rule:
“The general rule is that when an order or judgment is vacated the previously existing status is restored and the situation is the same as though the order or judgment had never been made. The matters in controversy are left open for future determination. The action is not thereby discontinued or abated, but is subject to further proceedings in regular course. The party in whose favor a judgment has been entered irregularly may, after it has been vacated, proceed as if it had never been rendered, and in due time and upon proper proceedings obtain a valid judgment. . . . ”
Stated another way, the ordinary legal effect of sustaining a writ of error coram nobis is to void the proceedings ab initio. People v. Klein, 208 Misc. 792, 145 N.Y.S.2d 515, affirmed 2 A.D.2d 777, 154 N.Y.S.2d 503. 24 C.J.S. Criminal Law' § 1606, page 157.
Thus, the granting of the petition for writ of error eoram nobis by a court having jurisdiction, ipso facto, revests it with jurisdiction of the original cause. State v. Killigrew, 202 Ind. 397, 174 N.E. 808, 74 A.L.R. 631. See also State ex rel. Burford v. Sullivan, 86 Okl.Crim. 364, 193 F.2d 594, and authorities therein cited. 24 C.J.S. Criminal Law § 1606(33).
We now turn to the proceedings had upon the purported second adjudication of guilt. There is, as indicated in this record, a purported stipulation [R. pp. 18-24] that the trial court base its judgment upon the original transcript of the trial originally had in this cause, on August 29, 1973, wherein judgment and sentence were entered on September 12, 1973. In making this determination, based upon the original transcript, the trial court fell into error. The rule covering such a situation is stated in Henning v. Kyle, 190 Va. 247, 56 S.E.2d 67 (though there considering a civil case), as follows:
“None of the evidence adduced upon the first trial may be considered in determining whether or not false representations of material facts upon which she relied were made to defendant. The sufficiency of the evidence depends alone upon the testimony given or offered at this trial. It may not be supplemented or aided by that appearing in the record as having been given on the first trial.”
As indicated in Stephenson v. State, 205 Ind. 141, 179 N.E. 633, 186 N.E. 293.
“The only relief that can be granted is the setting aside of the judgment and the granting of a new trial.” See also Brown v. State, 250 Ala. 444, 35 So.2d 518; Ison v. State, 44 Ala.App. 6, 200 So.2d 506.
It is clear therefore, under the authorities herein cited, that the trial court, by virtue of its order of October 11, 1974, wherein it undertook to adjudicate the guilt of the appellant, committed reversible error. This adjudication precluded the appellant from submitting his evidence of his witnesses as to his allegedly being “set-up” to a second jury. It would avail the appellant little to successfully prosecute his petition for writ of error coram nobis, and then be unable to present the testimony of the witnesses in question to a jury of his peers.
Because of the error shown, the judgment of the trial court is due to be and the same is hereby
Reversed and remanded.
HARRIS, DeCARLO and BOOKOUT, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.
CATES, P. J., not sitting.

. Title 22, Sections 258 (25-60), Code of Alabama 1940, as amended 1971.