JONES, Justice.
Can a defendant whose petition for Writ of Error Coram Nobis has been granted— setting aside his felony conviction and ordering a new trial — enter into a stipulation with the express approval of the State and the trial Court that his new trial shall consist of submission to the trial Court without a jury on the transcript of the entire proceedings in the first trial and the subsequent testimony taken during the coram nobis hearing? The Court of Criminal Appeals’ opinion, Ala.Cr.App., 343 So.2d 780 (1975), answered this question in the negative. We granted certiorari to review the decision on the ground of “first impression.”
After careful consideration and thorough review of the record, which shows unequivocal express consent on the part of both defendant and the State, with the trial Court’s approval, we hold that the judgment of the Court of Criminal Appeals is erroneous and is due to be reversed.
In so holding, we hasten to say that we do not disagree with the general propositions, or the authorities cited by the Court of Criminal Appeals in support thereof, to the effect that a petitioner whose Writ of Error Coram Nobis has been granted has an absolute right to a new trial; that the trial Court is revested with jurisdiction of the original cause; and that none of the evidence adduced upon the first trial (except as occurred here) may be considered in determining the issue presented at the new trial. These propositions are basic and sound, but they do not preclude the right of a defendant to have his new trial without a jury upon the record of the first proceedings plus the transcript of the coram nobis hearing where. he knowingly and intelligently consents to do so with the express approval and consent of the State and the trial Court. As to waiver of trial by jury, see Singleton v. State, 288 Ala. 519, 262 So.2d 768 (1971). Having so agreed, however, the defendant is entitled to the entire record, including for purposes of appeal from an adverse judgment all rulings of the trial Court on which error may be predicated.
It is significant to note that on original submission of this case to the Court of Criminal Appeals the defendant did not raise the “no new trial issue”. Rather, he did raise substantial search and seizure and weight of the evidence questions.
This cause is remanded in order that these questions may be addressed by the Court of Criminal Appeals.
REVERSED AND REMANDED.
All the Justices concur.