BLOODWORTH, Justice.
We granted Seibert’s petition for writ of certiorari to review the decision of the Court of Criminal Appeals which affirmed his conviction “on authority of the Supreme Court of Alabama.”
We consider that the Court of Criminal Appeals has miscomprehended our decision. We therefore must again reverse and remand this cause.
A brief history may be in order for an understanding of the present posture of the case.
Seibert was convicted by a jury in Madison County on a drug charge receiving a 15-year sentence. The Honorable David R. Archer presided. Defendant appealed. The Court of Criminal Appeals affirmed. We denied certiorari. Ala., 343 So.2d 784. Seibert then filed for writ of error coram nobis and Judge Archer granted a new trial on the grounds of an illegal search and seizure. Upon rearraignment for a new trial, Seibert agreed and stipulated that a jury trial was waived and that the court would consider the transcript of the prior trial and the transcript on the coram nobis hearing as the basis for a determination of guilt or innocence. (Apparently, the State agreed too.) Judge Archer then proceeded to adjudge Seibert guilty and sentenced him to 10 years’ imprisonment in the penitentiary. Seibert’s motion for new trial was overruled and he appealed. The Court of Criminal Appeals (per Tyson, J.) reversed and remanded, holding that defendant was entitled to a “new trial” and could not stipulate and agree to the judge’s hearing the case on the “original record.” Seibert *787 v. State, Ala.Cr.App., 343 So.2d 780. On petition for writ of certiorari by the State, we granted the writ. In an opinion authored by Justice Jones, all the justices concurring, we reversed the Court of Criminal Appeals holding the judgment of the Court of Criminal Appeals to be erroneous. Ex parte State (In re: Seibert v. State), Ala., 343 So.2d 784. The last sentence of our opinion clearly states that the cause is remanded “in order that these questions [search and seizure and weight of evidence — raised by Seibert but not written to by the court] may be addressed by the Court of Criminal Appeals.” [Our emphasis.]
We continue to adhere to our mandate on former remandment and again reverse and remand this cause to the Court of Criminal Appeals so that court may have the opportunity (which it has not heretofore exercised) to address the important and apparently decisive questions of search and seizure and weight of the evidence.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur.