After Remandment by the Supreme Court
TYSON, Presiding Judge.
The dilemma with which this Court was initially confronted by the first remand- *788 merit by the Supreme Court of Alabama, 1976, 343 So.2d 784, was that we did not understand that this Court could review the action of the trial court in considering the coram nobis proceeding together with the original trial proceedings after the reversal of our first opinion.
We now understand, under the second mandate of the Supreme Court of Alabama, 1976, 343 So.2d 786, that we are not precluded from reviewing the judgment of the trial court, dated October 11, 1974 (but were “invited to do so”), wherein the court entered judgment and set a new sentence of ten years after first granting the appellant’s petition for writ of error coram nobis.
The issue thus presented is whether or not the trial court has “in effect ruled two different and inconsistent ways” without holding a new hearing or trial in the matter.
We find that the action of the trial judge in this case, after granting the petition for writ of error coram nobis, on to-wit, October 3, 1974, which order set aside the original judgment of conviction against the appellant, and then entering a second adjudication of guilt, following a stipulation in which the original trial proceedings and the coram nobis proceeding were submitted to him as the basis for a “new trial,” was erroneous.
The issue here presented is under our research sui generis. If the trial judge, as here, apparently believed the evidence submitted in support of the petition for writ of error coram nobis, then the appellant was entitled to a complete new trial.
The Supreme Court has determined that this “new trial” may be satisfied by the submission of the “original trial proceedings” and the coram nobis record together with a waiver of trial by jury. 1976, 343 So.2d 784.
However, if the trial judge believed the appellant’s evidence sufficiently to grant him a new trial (under his petition for writ of error coram nobis), then he could not enter a second adjudication of guilt without a further hearing or additional evidence taken and submitted. In short, the trial judge may not rule both ways.
Because we believe the foregoing to be a proper treatment of the “weight of the evidence theory,” we respectfully pretermit the “search and seizure question” at this time.
For the error noted, the judgment of the trial court is reversed and the cause is remanded for a new trial. Authorities cited on original deliverance.
REVERSED AND REMANDED.
CATES, DeCARLO and BOOKOUT, JJ., concur.
HARRIS, J., concurs in result.