343 So.2d 788 (1977)
In re Carl Michael SEIBERT
v.
STATE of Alabama.
Ex parte STATE of Alabama.
SC 2307.
Supreme Court of Alabama.
March 4, 1977.
*789 William J. Baxley, Atty. Gen. and Eric A. Bowen, Asst. Atty. Gen., for the State.
No brief for respondent.
BLOODWORTH, Justice.
In denying this writ, we feel compelled to comment that we interpret the opinion of the Court of Criminal Appeals as reversing the conviction and remanding the cause for a new trial on the "weight of the evidence" issue. A consideration of that issue was mandated by the earlier reversals and remandments of this cause by this Court to the Court of Criminal Appeals. See Ex parte State (In re: Seibert v. State), [1976] 343 So.2d 784; Ex parte Seibert (In re: Seibert v. State), [1976] 343 So.2d 786.
In the dissent, Mr. Justice Almon writes:
"The Court of Criminal Appeals has concluded that the `trial judge may not rule both ways.' This is the conclusion with which I disagree. By granting a new trial, the trial judge did not have to believe the testimony of Tonya Stearns.. . . The court merely granted a new trial on the newly discovered evidence so that Seibert would have the benefit of submitting this testimony to the trier of fact, whether it be judge or jury.
"The significant point of this is that the trial judge did not have to believe the witness Tonya Stearns in order to grant a new trial."
With due respect for these opinions, we feel compelled to state that they are not in accord with our case law and that they misconceive the office of the writ of error coram nobis.
The trial judge must have believed the witness Stearns on coram nobis, else he should not have granted the writ. "A writ of error coram nobis issues for the correction of a judgment entered in ignorance of certain matters of fact which, if they had been known to the court rendering the judgment, would not have been entered." Ex parte Rudolph, 276 Ala. 392, 162 So.2d 486 (1964, per Merrill, J.), cert. den. 377 U.S. 919, 84 S.Ct. 1185, 12 L.Ed.2d 188.
". . . [T]he well established principal [is] that to be entitled to the writ [of error coram nobis] the petitioner must aver and prove that he was innocent of the crimes of which he stands convicted. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; Ex parte Fewell, 261 Ala. 246, 73 So.2d 558; Woodward v. State, 42 Ala.App. 552, 171 *790 So.2d 462; Argo v. State, 43 Ala.App. 564, 195 So.2d 901 [cert. den. 280 Ala. 707, 195 So.2d 909, cert. den. 389 U.S. 865, 88 S.Ct. 129, 19 L.Ed.2d 136]; Rickard v. State, 44 Ala.App. 281, 207 So.2d 422." [Emphasis supplied.] Upshaw v. State, 50 Ala.App. 172, 277 So.2d 917 (1973, per Cates, P. J.), cert. den. 291 Ala. 800, 277 So.2d 919.
"In coram nobis, the plaintiff prisoner bears the burden of submitting clear, full and satisfactory proof of matters which had they been timely submitted on trial would have prevented the judgment of conviction." [Emphasis supplied.] Champion v. State, 45 Ala.App. 188, 227 So.2d 818 (1969, per Cates, J.); in accord: Vincent v. State, 284 Ala. 242, 224 So.2d 601 (1969, per Merrill, J.).
"This degree of persuasion, i.e., `clear, full and satisfactory' we take to entail more than that enunciated in the scintilla rule. . . `clear' is highly exacting as to proof of facts `and always means more that reasonably satisfying.'" Burden v. State, 52 Ala.App. 348, 292 So.2d 463, (1974, per Cates, P. J.).
"Coram nobis partakes of a civil action of fraud to reform a judgment. This degree of proof is the highest in a civil action." Burden, supra.
It is therefore clear that under the decisions of both this Court and the Court of Criminal Appeals, coram nobis is not some "probable cause" hearing at which the trial judge determines whether the petitioner/defendant should be accorded a new trial so that the trier of fact will have the benefit of the additional testimony.
To the contrary, these decisions clearly show that the trial judge must "believe" the testimony and that the burden on petitioner is to submit clear, full and satisfactory proof of his assertions for relief.
WRIT DENIED.
FAULKNER, JONES, SHORES and EMBRY, JJ., concur.
TORBERT, C. J., and MADDOX, ALMON and BEATTY, JJ., dissent.
ALMON, Justice (dissenting).
This case comes to us in a strange posture. See Seibert v. State, Ala.Cr.App., 343 So.2d 780 (1975) where the case was reversed and remanded by the Court of Criminal Appeals; Ala., 343 So.2d 784, 10 A.B.R. 694 (1976) where the case was reversed and remanded to the Court of Criminal Appeals; and Ala., 343 So.2d 786, 11 A.B.R. 225 (1976) where the case was reversed and remanded to the Court of Criminal Appeals.
Seibert was found guilty by a jury of possessing L.S.D. The State's evidence was that police officers armed with a search warrant found Seibert and L.S.D. on the front seat of Seibert's automobile in his driveway. His defense was that he was set up by Steve Beshears, the alleged unidentified informant used by police to secure the search warrant.
Seibert's attempted appeal from this judgment was dismissed for reasons not here pertinent.
Subsequently, Seibert filed a petition for writ of error coram nobis proffering the testimony of Tonya Stearns. Her testimony was that she was with Beshears when he went to Seibert's home and as Beshears left she saw Beshears throw an envelope in the front seat of Seibert's automobile.
After considering this evidence, the trial court granted the writ of error coram nobis and ordered a new trial. It is significant that the court ordered a new trial rather than discharging Seibert.
Later, by agreement and waiver of a jury trial, the case was submitted to the same trial judge on the original record of the jury trial and the record established at the coram nobis hearing. No other evidence was offered. The trial judge found Seibert guilty.
The Court of Criminal Appeals has concluded that the "trial judge may not rule both ways." This is the conclusion with which I disagree. By granting a new trial, the trial judge did not have to believe the testimony of Tonya Stearns. If he had believed her absolutely he could very well *791 have ordered Seibert discharged. The court merely granted a new trial on the newly discovered evidence so that Seibert would have the benefit of submitting this testimony to the trier of fact, whether it be judge or jury.
The significant point of this is that the trial judge did not have to believe the witness Tonya Stearns in order to grant a new trial. When a jury trial was waived and the case submitted to the court on the record of both proceedings, the court was at liberty, believing or disbelieving whom it wished, to find evidence of guilt.
The majority opinion charges that the dissenters misconceive the law regarding coram nobis. In an effort to support that conclusion a number of older cases are cited.
It should first be noted these cases are where appellate courts have affirmed the trial courts in denying writs of error coram nobis. In the instant case the writ was granted. The law does not set the outer perimeter of the trial court's discretion in this area.
In Divine v. State, 285 Ala. 488, 234 So.2d 28, this court held that newly discovered evidence which is merely cumulative is not sufficient to grant coram nobis. Implicit in this rule, however, is that if the newly discovered evidence is not cumulative, then clearly the trial court within its discretion could grant relief.
The second point made by the majority is that coram nobis relief is totally conditioned on proof of innocence. Sometimes this is true depending on the particular facts of the case, but not always. See Knight v. State, 42 Ala.App. 672,178 So.2d 101, where it was held error not to grant coram nobis relief where petitioner did not have counsel at arraignment and where there was no proof of innocence. There are clearly instances where due process of law requires relief in the absence of proof of innocence.
Interestingly enough, the issue of sufficiency of the evidence has never been properly addressed at the appellate level.
There may be, as Seibert contends, error in other aspects of the trial. The questions of search and seizure and the necessity of revealing the identity of the alleged informant under Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), were not addressed by the Court of Criminal Appeals and are not before us.
I would remand to the Court of Criminal Appeals so that it may address these issues.
TORBERT, C. J., and MADDOX and BEATTY, JJ., concur.