HARRIS, Judge.
This appeal is from the trial court’s denial of Terry Lynn Teat’s petition for a writ of error coram nobis. Teat, the appellant herein, was convicted of third-degree burglary and sentenced as a habitual offender to 25 years’ imprisonment. In his coram nobis petition he sought a new trial on the grounds that newly discovered evidence had revealed that he had been mistakenly identified during the burglary proceedings. At the hearing on this petition he presented the three eyewitnesses who had previously testified at his burglary trial. The appellant now claims that all three witnesses clearly recanted their prior identification testimony and that, therefore, the trial *761 court erred in denying his petition on newly discovered evidence grounds. We disagree.
A decision to grant or deny a petition for a writ of error coram nobis on newly discovered evidence grounds is a decision which rests heavily on the credibility of the evidence presented during the coram nobis hearing. Consequently, this decision is a matter properly left to the sound discretion of the trial court. See, Howton v. State, 432 So.2d 548, 550 (Ala.Cr.App.1983), and cases therein cited; see also, Peterson v. State, 426 So.2d 494 (Ala.Cr.App.1982). From aught that appears in the record before us, the trial court properly exercised its discretion in the instant case. Compare, Peterson v. State, supra.
Because of the presumptions associated with the burglary trial, the correctness of the judgment of the trial court and the truthfulness of the testimony of the prosecution witnesses, the appellant had the burden of convincing the trial court, with clear, full and satisfactory proof, that the allegations in his petition were true, that the witnesses at the coram nobis hearing were telling the truth, and that he was innocent of the instant offense. Seibert v. State, 343 So.2d 788 (Ala.1977); Summers v. State, 366 So.2d 336 (Ala.Cr.App.1978), cert. denied, 366 So.2d 346 (Ala.1979); Howton v. State, supra. This he failed to do.
Although the appellant presented evidence that all three identification witnesses had, to some extent, recanted their prior testimony, there was also evidence that they changed their testimonies because of harassment from appellant’s family. Two of the three witnesses testified that they signed the affidavit recanting their prior testimony simply to put an end to the post-trial harassment by appellant’s family. Moreover, at the coram nobis hearing neither could say positively whether or not the appellant was the man she saw on the day of the burglary. The third identification witness, the burglary victim, stated that he mistakenly identified the appellant during the burglary trial. However, he admitted that it was only at the insistence of appellant’s family that he realized that he might have made a mistake. He explained that appellant’s wife told him that she knew the man who had actually committed the burglary, and she showed him a photograph of the alleged burglar. He agreed that the man in the photograph looked like the burglar. Appellant’s wife told him that the man pictured in the photograph was Steve Chamblee. However, he never identified Steve Chamblee in person and neither the photograph nor Steve Chamblee was presented during the coram nobis hearing to confirm this new identification.
The trial court’s decision to deny appellant’s coram nobis petition was a proper exercise of its discretion, based upon its assessment of the weight and credibility of this evidence presented at the coram nobis hearing in light of the aforementioned presumptions associated with his prior burglary trial. See, McDonald v. State, 437 So.2d 1342 (Ala.1983), reversing, 437 So.2d 1337 (Ala.Cr.App.1982). Consequently, the trial court’s ruling will not be disturbed on this appeal. Its judgment denying appellant’s coram nobis petition is, therefore, affirmed.
AFFIRMED.
All the Judges concur.