461 So.2d 875 (1984)
Harold Edward PINKARD
v.
STATE.
8 Div. 111.
Court of Criminal Appeals of Alabama.
July 17, 1984.
On Return to Remand November 13, 1984.
Rehearing Denied December 11, 1984.
*876 F. David Lowery, Russellville, for appellant.
Charles A. Graddick, Atty. Gen. and Jane LeCroy Brannan, Asst. Atty. Gen., for appellee.
PATTERSON, Judge.
Appellant Harold Edward Pinkard filed a pro se petition for writ of error coram nobis with the Circuit Court of Franklin County in August of 1983. At that time he also requested leave to proceed in forma pauperis.
On January 9, 1984, a hearing on the petition was held, at the end of which the court denied the petition. Appellant's notice of appeal, which was given on February 17, 1984, included a request for a copy of the transcript. The lower court denied that request on the grounds that Pinkard's petition "does not allege grounds for the relief requested".
The only issue raised by this appeal is whether appellant was entitled to a copy of the transcript made at the hearing on his petition for writ of error coram nobis. We conclude that he was.
This court has stated that "a right to a free transcript is not limited to direct appeals from criminal convictions, but extends alike to state post conviction proceedings....", Mayola v. State, 344 So.2d 818 (Ala.Crim.App.), writ denied 344 So.2d 822 (Ala.1977). Upon the authority of Simpson v. State, 43 Ala.App. 58, 179 So.2d 335 (1965), we find that this cause must be remanded to the lower court so that the record may be supplemented to include the transcript of the hearing held on appellant's petition for writ of error coram nobis.
REMANDED WITH DIRECTIONS.
All the Judges concur.

On Return To Remand
PATTERSON, Judge.
Appellant Harold Edward Pinkard filed a pro se petition for writ of error coram nobis, and after a hearing, at which Pinkard was represented by counsel, the trial court denied the petition. Pinkard filed notice of appeal and requested a transcript of the hearing. The trial judge denied the request on the grounds that the petition "does not allege grounds for relief requested". *877 On appeal this court determined that the appellant was entitled to a transcript and remanded the cause to the trial court with directions that the record be supplemented to include a transcript of the hearing. The trial court has complied with the order of this court, and the return to remand has been filed and the record of the proceedings, including the transcript of the hearing below, is now before us.
Appellant's petition attacks the validity of his 1980 conviction for escape in the first degree from the Franklin County jail. The appellant had been found guilty of escape in the first degree by a jury on October 6, 1980, and sentenced to life imprisonment under the Alabama Habitual Felony Offenders Act. He appealed and we affirmed. See Pinkard v. State, 405 So.2d 411 (Ala.Crim.App.1981).
Appellant contends in his petition that his escape was under duress and should be excused. He contends that he was under duress because of threats to his life while in the jail. He further contends that the alleged evidence of threats has been "newly discovered".
The writ of error coram nobis is appropriate only when petitioner's claim is based on facts which were not known and could not have been discovered with exercise of reasonable diligence at the time of trial. McDonald v. State, 437 So.2d 1337 (Ala.Crim.App.), reversed, Ex parte McDonald, 437 So.2d 1342 (Ala.1983); Summers v. State, 366 So.2d 336 (Ala.Crim. App.1978), writ denied, 366 So.2d 346 (Ala.1978).
The writ of error coram nobis does not serve the purpose of an appeal; nor does it serve as a second review of issues previously raised or as a review of those issues not initially raised on appeal. Bass v. State, 417 So.2d 582 (Ala.Crim.App.), writ denied, 417 So.2d 588 (Ala.1982); Summers v. State, supra.
The function of the writ of error coram nobis under Alabama law is to bring to the attention of the trial court an error of fact, which, had it been known, would have prevented the judgment challenged. In effect, the writ serves as a motion for a new trial on the ground of newly discovered evidence. Bass v. State, supra; Vaughn v. State, 395 So.2d 95 (Ala.Crim. App.1979); Seibert v. State, 343 So.2d 788 (Ala.Crim.App.1977). In a coram nobis proceeding, the petitioner bears the burden of submitting clear, full and satisfactory proof of facts which, had they been timely submitted at trial, would have prevented judgment. The degree of proof required is highly exacting as to the facts and must convince the trial judge of the truth of the allegations in the petition, and the petitioner has the burden of rebutting the presumption of the correctness of the judgment of the trial court. Bibby v. State, 394 So.2d 73 (Ala.Crim.App.), cert. denied, 394 So.2d 76 (Ala.1981).
The transcript of the hearing on the petition for writ of error coram nobis clearly shows that the evidence concerning duress and threats on appellant's life while in the jail, if true, was known to appellant at the time of his trial for rape. In fact, evidence of duress and threats was introduced into evidence during the trial, was before the jury for its consideration, and was before this court on appeal. The record shows that during cross-examination of the appellant at the hearing on his petition, the following occurred:
"Q. During the course of your trial, you had evidence showing the bad conditions of the jail, didn't you?
"A. Yes, sir.
"Q. And one of the grounds of defense that you used was that you were coerced into escaping. Did you not use that?
"A. Yes, sir. I don't believe I would have escaped if I hadn't been put in the position I was put in over there. I'll say it this way. I think it might have been part my fault, but it was part their fault, too, the way the jail was run.
"Q. Part your fault you escaped, and part their fault.
"A. Yes, sir.
"Q. What part was your fault, the getting drunk and taking the pills?

*878 "A. Yes.
"Q. In other words, you're saying even with the conditions like they were, if you hadn't gotten drunk and taken the pills, that part wouldn't have happened and you wouldn't have escaped, is that what you are saying?
"A. That's right."
The appellant has fallen far short of submitting the full and satisfactory proof of facts necessary to support the issuance of a writ of error coram nobis. Not only do his alleged facts not constitute newly discovered evidence which was not known and could not have been discovered with the exercise of reasonable diligence, as required, but they negate his defense of duress to the charge of escape. His testimony casts grave doubt upon the truth of his allegations. The appellant is obviously attempting to use the writ of error coram nobis as a vehicle for a second review of issues previously raised or as a new review of issues which should have been raised on appeal.
It follows that the matters Pinkard sought to raise in this coram nobis proceeding were not of such a nature as to be within the scope of such a proceeding. The evidence presented by appellant in support of his petition fails to establish any reason for impeaching the original judgment of conviction for escape. The lower court therefore correctly denied the petition.
AFFIRMED.
All the Judges concur.