TAYLOR, Judge.
Ronald Wadsworth, an inmate, petitioned the Circuit Court for St. Clair County, Alabama, for a writ of error coram nobis. In his petition he avered that he was convicted of robbery and sentenced to 30 years’ imprisonment on June 11, 1980, upon the eye witness' testimony of the victim in that case, one Mrs. Iva Gilley. Subsequently, according to his petition, his brother Donald Wadsworth was tried and convicted of participation in the same robbery and sentenced to 20 years’ imprisonment on November 5, 1982. Meanwhile, Ronald Wads-worth, the petitioner here, was serving a prison sentence in the State of Kansas, not the sentence imposed in this ease. At the 1982 trial of his brother, one Steve McCul-lars testified as a state witness. McCul-lars’s testimony, according to the allegations of the petition, was that he participated in the robbery against Mrs. Iva Gil-ley with Ronald Wadsworth’s brother Donald. The record suggests that one robber was masked and that the other was unmasked and posed as a “Mr. Giles”. This unmasked robber yas the one identified by Mrs. Gilley as petitioner Ronald Wads-worth. McCullars’s testimony in the 1982 trial was that he himself posed as Mr. Giles and was the unmasked robber. Steve McCullars pleaded guilty to this offense, according to the petition, and received a sentence of 25 years’ imprisonment in the state penitentiary. Wadsworth seeks a writ of error coram nobis, alleging new evidence on the basis of the testimony of McCullars in his brother’s trial, 2 years after his own trial, arguing that two men are serving time for the exact same act. The circuit court, in denying the motion without a hearing, stated:
“... This court having considered the allegations contained in said petition is of the opinion that said petition fails to allege sufficient allegations that would justify the granting of said petition. Therefore, it is the opinion of this court that same should be denied.
“The undersigned was the trial judge at the time of the trial of said cause; that the defendant was represented by competent counsel; that at the time of trial, none of the matters upon which this petition is based was presented at trial, nor is there any showing that same was not available nor were any such matters presented at the earlier trial in which a mistrial was declared.”
*655 In Pinkard v. State, 461 So.2d 875 (Ala.Cr.App.1984), this court, speaking through Judge Patterson, held:
“The writ of error coram nobis is appropriate only when petitioner’s claim is based on facts which were not known and could not have been discovered with exercise of reasonable diligence at the time of trial. McDonald v. State, 437 So.2d 1337 (Ala.Cr.App.), rev’d, Ex parte McDonald, 437 So.2d 1342 (Ala.1983); Summers v. State, 366 So.2d 336 (Ala.Cr.App.), writ denied, 366 So.2d 346 (Ala.1979).”
The court further stated in Pinkard:
“In a coram nobis proceeding, the petitioner bears the burden of submitting clear, full and satisfactory proof of facts which, had they been timely submitted at trial, would have prevented judgment. The degree of proof required is highly exacting as to the facts and must convince the trial judge of the truth of the allegations in the petition, and the petitioner has the burden of rebutting the presumption of the correctness of the trial court. Bibby v. State, 394 So.2d 73 (Ala.Cr.App.), cert. denied, 394 So.2d 76 (Ala.1981).”
The petition alleges that “Steve MeCul-lars’s testimony was not available to petitioner at the time of his trial,” but does not offer any explanation of why the testimony was unavailable and does not allege that the petitioner was unaware of the existence of the witness or what he would testify to, and does not allege that he could not have discovered them by the exercise of reasonable diligence.
The appellant has fallen far short of submitting full and satisfactory proof of the facts necessary to support the issuance of a writ of error coram nobis.
In a coram nobis proceeding asserting newly discovered evidence, it is incumbent upon the petitioner to assert that he did not know of the existence of the evidence or of the witness at the time of the initial trial. While this same matter may again be raised by the petitioner in a subsequent coram nobis proceeding with sufficient factual allegations, we hold that the trial judge did not err in denying the petition as it is now written and without the additional allegations that are required.
Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.