# Hooper v. The State.

*Indictment for Rape.*

1. *Charges asked must be complete within themselves.*—Under the requirements of section 2756 of the Code which provides that "charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written," the responsibility is upon the counsel asking a charge to have it prepared with care; and where the charge requested is not complete, and as written is without meaning, it is properly refused.

2. *Rape; what force necessary to constitute the offense.*—The offense of rape is complete when the woman is made to yield by force or through fear or the use of drugs, and does not consent voluntarily and consciously; and although a man may not intend to resort to actual force, in the usual meaning of that term, if, on account of the circumstances or the relationship of the parties, he intentionally and for the purpose of accomplishing his unlawful purpose, puts the female in fear of personal injury or violence, and she yields on account of these influences, he is guilty of rape, even though he never intended to resort to actual force if she had refused and had resisted.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant, Thomas Hooper, was indicted, tried and convicted of rape; and sentenced to the penitentiary for life.

The female upon whom the defendant was accused and convicted of having committed the rape was his own daughter, who was fourteen years of age. This daughter testified, that, on one occasion when her mother was away from home, and after her father had driven her little brothers and one of their little friends out of the house into the yard, leaving her and her father alone in the house, "My father then told me to come to him, which I did; and he took me by the arm and put me down on a quilt in front of the fire. I tried to get away, but he put me down and pulled up my clothes. He then pulled.

down his pants, and got on top of me." The witness further testified, that he then had sexual intercourse with her, and told her if she told any one he would whip her; that she told her mother what had occurred as soon as she returned home; but that she did not tell any one else until brought before a magistrate to swear out a warrant; nor did she "holler," or call for help when her father was trying to have sexual intercourse with her. This witness was corroborated by the other witnesses introduced by the State. The defendant, as a witness in his own behalf, denied ever having sexual intercourse with his said daughter.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "I charge you, gentlemen of the jury, that in connection with the evidence in the case, the ease with which the woman charged to have been ravished might have fled, or cried out for help, to determine whether or not defendant used force or intended to use force, if resisted, to obtain carnal knowledge of the woman, if you believe the defendant had carnal knowledge of the woman." (2.) "I charge you gentlemen if the jury there is not evidence in this case sufficient to satisfy your minds that defendant used force or intended, if necessary to obtain sexual intercourse, to use force, if resisted, then you should find the defendant not guilty."

No counsel marked as appearing for appellant.

William C. Fitts, Attorney-General, for the State.— The charges requested by the defendant were rightfully refused.—*Smith v. State*, 47 Ala. 540; 19 Amer. & Eng. Encyc. of Law, 950.

COLEMAN, J.—The defendant was tried, convicted of the offense of rape upon his own daughter, a girl about fourteen years of age, and sentenced to suffer imprisonment in the penitentiary for life. The only exceptions reserved during the trial were to the refusal of the court, to give two instructions to the jury, requested by the defendant.

Section 2756 of the Code provides that "charges moved for by either party must be in writing, and must be given

or refused in the terms in which they are written," &c. This statute imposes upon counsel, the grave responsibility of preparing charges for the jury with strict care. The court is not authorized to correct or qualify written instructions prepared by counsel, but must give or refuse them, in the terms in which they are written.

The first charge refused is incomplete. As written, it is without meaning. It also assumes, as a fact, that the party ravished might have fled or cried out with ease. If the jury had found such to be true, they were circumstances which should have been considered, in determining the question of consent, *vel non,* of the party alleged to have been assaulted. The court did not err in refusing the charge.

The construction of the second charge refused, is equally objectionable. It begins as follows : "I charge you gentlemen if the jury there is not evidence in this case sufficient to satisfy your minds that defendant used force," &c. As expressed, it is unintelligible. If we should hold, that the word "if" is a clerical misprision and was written "of" instead of "if," the charge would then read, "Gentlemen of the jury," &c. The charge then would have invaded the province of the jury, as the record shows there was evidence from which a jury might infer the commission of the offense. It is probable, that the draughtsman intended the charge to read as follows : "Gentlemen of the jury, if there is not evidence in this case sufficient to satisfy your minds that the defendant used force or intended, if necessary to obtain sexual intercourse, to use force if resisted, then you should find the defendant not guilty." If the charge had been constructed in this form, we are not prepared to say it asserts a correct proposition of law, applied to the facts of the case. Rape is defined as "the carnal knowledge of a woman forcibly, and against her will," or "the unlawful carnal knowledge of a woman forcibly, when she does not consent." The offense is complete, when the woman is made to yield through fear, or the use of drugs, and does not consent voluntarily and consciously. The average juror does not clearly comprehend the definition of constructive force, and a charge should not be misleading. Although a man may not intend to resort to actual force in the usual meaning of that term, if, on account of the circumstances or the re-

[Gregg v. The State.]

lationship of the parties, he intentionally and for the purpose of accomplishing his unlawful purpose, puts her in fear of personal injury or violence, and she yields on account of these influences, he is guilty of rape, although he may not have intended to resort to actual force, if she refused and resisted. We think the principle illustrated by the case at bar. That the father had unlawful sexual intercourse with his fourteen year old daughter, the evidence fairly proves. They were alone in the house. Did she consent voluntarily, or did she yield through fear of her father, or to superior force? If she yielded on account of either of the latter causes, the defendant was guilty, without reference to his ulterior intention in the event of resistance by her. The charge was properly refused, in any view we may take of it.

Affirmed.

