152 So.2d 662

**Frank Lee RUDOLPH**

v.

**STATE of Alabama.**

6 Div. 808.

Supreme Court of Alabama.

Jan. 17, 1963.

Rehearing Denied May 9, 1963.

Morel Montgomery and Fred Blanton, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

LAWSON, Justice.

The appeal is from a conviction for rape, with the infliction of the death penalty.

The date of the alleged crime was fixed at August 1, 1961. Appellant, Frank Lee Rudolph, was indicted by a grand jury of Jefferson County on September 1, 1961, and was arraigned on October 20, 1961. Upon arraignment, Rudolph pleaded not guilty. As shown, on his trial the jury found him guilty and imposed the death penalty. Judgment and sentence were in accord with the verdict. Motion for new trial was overruled.

Rudolph was represented at arraignment, throughout his trial and on motion for new trial by an attorney of his own selection.

After the motion for new trial was overruled, the trial court determined that Rudolph was an indigent appellant within the meaning of the automatic appeal statute and thereupon appointed the attorney who has appeared for him in this court to prepare and prosecute this appeal under the automatic appeal statute. Act 249, approved June 24, 1943, General Acts 1943, p. 217; 1955 Cum. Pocket Parts, Vol. IV, Title 15, §§ 382(1)–382(13), Code 1940.

The prosecutrix is a young white woman who lived with her husband and their two young sons in a basement apartment in an apartment house situated at 1771 North 17th Street in the City of Birmingham.

Appellant is a young Negro man, who was about twenty years of age at the time of the alleged crime. He lived with his mother and brother in a Negro section about four blocks from the apartment where the prosecutrix lived.

We see no necessity for making a detailed statement of the evidence. For the purpose of this appeal, we think the following summary will suffice.

The prosecutrix testified that at about 1:30 A.M. on the morning of August 1, 1961, a Negro man entered the bedroom where she and her two small sons were asleep. Her husband was away at work. The man told her not to scream and to be quiet. He got in the bed with prosecutrix and had sexual intercourse with her. During the course of the attack he threatened to kill prosecutrix and told her two or three times that she could look at him but that she "wouldn't live to tell it." An electric light which had been left burning in the bathroom enabled the prosecutrix to clearly see her attacker.

After she was released by her assailant she screamed for help and attempted to leave the apartment by way of the kitchen door at about the same time that her assailant was attempting to leave through a window in the kitchen. A tussle ensued and prosecutrix was bruised and cut about the face.

Her screams following the attack were heard by her mother-in-law and sister-in-law, who lived in the same apartment building. They came to her assistance and the police were notified.

The appellant was arrested at the home of a friend within a short time after the police were notified.

On August 2, 1961, the prosecutrix picked appellant from a police lineup of five or six Negro men.

At the trial the prosecutrix positively identified appellant as the man who attacked her.

Aside from the positive identification of appellant by the prosecutrix, the State introduced in evidence a confession made by appellant.

On the trial Rudolph, the appellant, denied his guilt and repudiated the alleged confession, contending that it was extorted from him by coercive methods. He sought

to establish an alibi but his statement as to his whereabouts at the time the offense is alleged to have been committed stands uncorroborated.

It is urged that the trial court erred to a reversal in permitting the State to make proof of the confession on the ground that it was not shown to have been voluntary.

█ The rule in this state as to the admissibility of confessions in evidence has been stated many times by this court. Prima facie, a confession is not voluntary and there must be evidence addressed to the trial judge rebutting that presumption and showing prima facie that the confession was voluntarily made unless, of course, the circumstances attending the confession affirmatively disclose its character. Johnson v. State, 242 Ala. 278, 5 So.2d 632, cert. denied, 316 U.S. 693, 62 S.Ct. 1299, 86 L.Ed. 1763; Phillips v. State, 248 Ala. 510, 28 So.2d 542; Taylor v. State, 249 Ala. 130, 30 So.2d 256.

█ The State introduced evidence tending to show that no threat was ever made against appellant; that he was not physically mistreated; that no reward was offered or held out to him to get him to confess; that no inducement of any kind was made to him.

We think the predicate as laid by the State was sufficient to show prima facie that the confession was voluntarily made, there being nothing in the record to indicate that under the circumstances prevailing at the time the confession was made, when considered with the age, character and situation of appellant, that he was deprived of his free choice to admit, to deny or to refuse to answer. Phillips v. State, supra, and cases cited; Arrington v. State, 253 Ala. 178, 43 So.2d 644; Myhand v. State, 259 Ala. 415, 66 So.2d 544.

Appellant was approximately twenty years of age at the time of the commission of the crime. There is nothing to indicate that he did not have normal intelligence. The extent of his education is not shown.

There was no evidence of protracted questioning leading up to the making of the confession, nor the use of any highpowered lights or similar devices as are sometimes said to be found in investigating offices. Appellant was not required to disrobe. It does not appear that any request for food, drink or cigarettes was denied. He was not prevented from sleeping and was not denied the right to see family, friends or counsel.

█ The questioning of a suspect while in the custody of law enforcement officers is not prohibited by the common law nor by the Fourteenth Amendment to the Constitution of the United States. Nor is the confession rendered inadmissible solely by virtue of the fact that it was made while the accused was in the custody of officers. Under the decisions of this court, the fact that a confession is made while the defendant is under arrest does not in and of itself render the confession inadmissible. Nor is the confession inadmissible merely because of the fact that the officers to whom the confession was made were armed. Phillips v. State, supra; Myhand v. State, supra.

True, accused when examined as a witness gave evidence to the effect that the confession was not voluntarily made by him because he was told by the interrogating officers that unless he did confess he would be beaten again and that they would put a police dog on him.

The officers involved emphatically denied making any such statement and testified that the appellant was never mistreated. There is no evidence to support the appellant's assertion that prior to the time he made the confession the police officers permitted a vicious police dog to jump on him or that he was beaten while being taken from the place of arrest to the City Hall. The officers testified that no such events occurred. Appellant did not contend that he was in any way mistreated at the time the confession was actually made.

■ On the whole evidence with respect to the confession, there is nothing to show that the trial court's action in admitting the confession was manifestly wrong or that defendant's rights under the Federal Constitution were infringed. Myhand v. State, supra; Goldin v. State, 271 Ala. 678, 127 So.2d 375; Johnson v. State, 272 Ala. 633, 133 So.2d 53.

■ It was not reversible error to refuse to excuse the jury while the predicate was being laid for the introduction of the alleged confession. We think the court could have excused the jury, as was done in Myhand v. State, supra, but he was not compelled to do so.

■■ The offense of rape is complete when the woman is made to yield through fear. Hooper v. State, 106 Ala. 41, 17 So. 679. The evidence in this case clearly supports a finding that the prosecutrix yielded to her assailant because of fear that her life was in danger. The evidence was not only sufficient to take the case to the jury on the charge of rape, but was amply sufficient to support the verdict of the jury.

■ Photographs of the scene of the crime were properly admitted in evidence as tending to elucidate material facts under inquiry. Reedy v. State, 246 Ala. 363, 20 So.2d 528.

■ Counsel for appellant asserts that the imposition of the death sentence in this case constitutes a State denial of equal protection of the law guaranteed by the Fourteenth Amendment to the Constitution of the United States. The argument seems to be that there has been a violation of the equal protection clause of the Fourteenth Amendment because of "the consistent imposition of the death penalty, where guilt is found in rape, on the negro in the negro man-white woman situation, and a consistent imposition of a lesser sentence where a white man is the one convicted" in this state.

As far as we are advised at this time, the Supreme Court of the United States has not said that juries in the state courts must seek to strike a balance between sentences imposed on the defendants of the white and colored races irrespective of the facts of a particular case. Moreover, we do not take judicial notice of any such discrimination as counsel says exists in the imposition of sentence in rape cases and certainly no such discrimination is proven by reference to the reported cases.

In regard to counsel's statement to the effect that the case of Lewis v. State, 35 Ala. 380 (1860), appears to be the last case where the death penalty of a Negro was reversed by the Supreme Court of Alabama, we call attention to the case of Aaron v. State, 271 Ala. 70, 122 So.2d 360, decided by this court in 1960. Aaron had been convicted of raping a white woman. Of course, there are other cases where this court has reversed the judgment where a Negro was sentenced to death. See Washington v. State, 269 Ala. 146, 112 So.2d 179. No effort has been made to cite all such cases. The two cases last above referred to happen to have been written by the author of this opinion.

We have considered the questions so ably and earnestly argued in brief for the appellant and find no justification for a reversal of the judgment of conviction. But, mindful of our duty in cases of this character, we have examined the record for any reversible error, whether argued or not, and conclude that counsel has presented in brief all matters worthy of separate treatment here.

The judgment is affirmed.

Affirmed.

All the Justices concur.