162 So.2d 486

**Ex parte Frank Lee RUDOLPH.**

6 Div. 82.

Supreme Court of Alabama.

March 26, 1964.

Fred Blanton, Birmingham, for petitioner.

Richmond M. Flowers, Atty. Gen., for the State.

MERRILL, Justice.

Petition for leave to file a petition for writ of error coram nobis in the Circuit Court of Jefferson County.

Petitioner was convicted of the crime of rape and was sentenced to death on November 2, 1961. The sentence was affirmed by this court on January 17, 1963, 152 So.2d 662, and his petition for writ of certiorari was denied by the Supreme Court of the United States on June 28, 1963, and a rehearing was denied by that court on November 12, 1963. 375 U.S. 917, 84 S.Ct. 204, 11 L.Ed.2d 158.

Petitioner, by his counsel, assigns four reasons why this petition should be granted. Reasons "B" and "C" are identical with points raised on appeal and are adequately covered in Rudolph v. State, 275 Ala. 115, 152 So.2d 662. They are without merit. Petitions for writ of error coram nobis are properly denied where the matters attempted to be raised were fully reviewed on appeal from judgment of conviction; or where it is sought to review errors concerning facts known to the trial court. Ex parte Seals, 271 Ala. 622, 126 So.2d 474, cert. denied 366 U.S. 954, 81 S.Ct. 1909, 6 L.Ed.2d 1246; Ex parte Ellis, 41 Ala.App. 253, 128 So.2d 108.

Reason "A" reads:

"The imposition of the death penalty on a convicted rapist who has neither taken nor endangered life constitutes that 'unnecessary cruelty' protected against by the 8th Amendment to the Constitution of the United States."

This is not the law as of this writing. This is the view expressed by three dissenting justices when the petitioner's petition for writ of certiorari was denied by the Federal Supreme Court, 375 U.S. 889, 84 S.Ct. 155, 11 L.Ed.2d 119.

Reason "D" complains of the exclusion of the public from petitioner's trial. Before the taking of testimony, the trial court "ordered the courtroom cleared, except the attorneys, the court officials, newspapers, the mother and father of the defendant, and the husband of the prosecutrix." This is permissible under Section 169 of the Constitution of 1901, which provides:

"In all prosecutions for rape and assault with intent to ravish, the court may, in its discretion, exclude from the courtroom all persons, except such as may be necessary in the conduct of the trial."

A similar provision appears in Tit. 15, § 320, Code 1940. The exclusion of the general public from a rape trial is not error. Aaron v. State, 271 Ala. 70, 122 So.2d 360 [13]; Reeves v. State, 264 Ala. 476, 88 So.2d 561 [11], and cases there cited.

Moreover, this matter was known to petitioner and his counsel when his trial in circuit court began and the point is first raised on this petition. This comes too late. Ex parte Williams, 268 Ala. 535, 108 So.2d 454; Edwards v. State, 274 Ala. 569, 150 So.2d 710; Redus v. Williams, 244 Ala. 459, 13 So.2d 561.

A writ of error coram nobis issues for the correction of a judgment entered in ignorance of certain matters of fact which, if they had been known to the court rendering the judgment, would not have been entered. Cauley v. State, 34 Ala.

**394**

App. 111, 37 So.2d 153. Here, no such facts are presented and there is no allegation that any alleged facts would have prevented the judgment of conviction from being entered by the trial court.

Petition denied.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.