417 So.2d 588 (1982)
Ex parte Carl BASS.
(In re Carl Bass v. State of Alabama)
81-558.
Supreme Court of Alabama.
July 23, 1982.
Dennis N. Balske, Montgomery, for petitioner.
No brief for respondent.
PER CURIAM.
WRIT DENIED.
JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C. J., and FAULKNER, J., dissent.
TORBERT, Chief Justice (dissenting).
I dissent and would grant review of petitioner's conviction on the issue of whether petitioner was denied effective assistance of counsel, in violation of Article I, § 6, of the Alabama Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. I believe this Court should examine the standard presently used by our state courts when presented with a claim of incompetency of legal counsel in light of the recent decision of Harris v. Oliver, 645 F.2d 327 (5th Cir. 1981). The Fifth Circuit Court of Appeals has adopted a "reasonably effective assistance" standard, while our courts, when faced with a claim of incompetent legal counsel, have traditionally used the standard of "whether the trial was reduced to a farce, sham or mockery of justice."
While the Court of Criminal Appeals is correct when it states that Alabama state courts are not bound by the decisions of the Fifth Circuit Court of Appeals, it is also true that federal courts have the power to *589 review state court decisions through a petition for habeas corpus. A federal court will therefore review a claim of denial of effective assistance of counsel by the Fifth Circuit standardnot the standard presently used by our courts.
Much has been said about the interference by the federal courts in state court decisions in criminal cases. But as long as we have a legal standard different from the federal standard, we have no reason to complain about federal courts accepting collateral attacks against state court judgments.
It is my view that this Court, as the court of last resort in this state, should review the standard adopted by the Fifth Circuit. This does not mean that we have to adopt its standard for our courts, but if we are going to have a different standard we should at least consider the matter by granting certiorari in this case. If we fail to address the issue now, every criminal defendant will allege that his attorney was incompetent, knowing that his chance of getting a reversal of his conviction is greater in the federal court system due to our failure to examine the differing standards.
If we address the issue now, and should we decide to retain the "whether the trial was reduced to a farce, sham or mockery of justice" standard, the State will have a more solid foundation upon which to argue that this Court's standard for determining whether a defendant received effective assistance of counsel is correct, when the case is ultimately argued before the United States Supreme Court. Accordingly, I would grant the writ.
FAULKNER, J., concurs.