Randy Turpin Bell appeals from the denial of his petition seeking post-conviction relief under Rule 20, A.R.Crim.P.Temp. Counsel represented this appellant at a hearing conducted in circuit court and, following the hearing, which was conducted on the issue of newly discovered evidence that would set aside his original conviction for capital murder, the trial court entered its order and judgment denying relief, and this appeal follows.
This appellant was initially convicted of capital murder in the Circuit Court of Chilton County, Alabama. Following that conviction, the cause was appealed to this court, where the same was affirmed in an opinion reported as Bell v. State,475 So.2d 601 (Ala.Crim.App. 1984), and, thereafter, affirmed by the Supreme Court of Alabama in an opinion reported as Ex parteBell, 475 So.2d 609 (Ala. 1985).
The appellant then filed a petition for writ of certiorari in the Supreme Court of the United States, which court denied same in an order reported as Bell v. Alabama, 474 U.S. 1038,106 S.Ct. 607, 88 L.Ed.2d 585 (1985).
Thereafter, the appellant filed a petition for writ of error coram nobis in the Circuit Court of Chilton County, alleging certain constitutional violations that occurred before and during his original trial. That cause was then set for an evidentiary hearing before the original trial judge who heard the cause and, following a full evidentiary hearing, dismissed and denied the petition in an order and judgment that is reported following this court's opinion on appeal therefrom.See Bell v. State, 518 So.2d 840 (Ala.Crim.App. 1987), cert. denied, 518 So.2d 840 (Ala. 1988). A petition for writ of certiorari was then filed in the Supreme Court of the United States and the same was there denied in an order reported as486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 611 (1988).
While the appeal of the appellant's coram nobis petition was proceeding in the appellate courts, appellant filed a second petition in September 1987. This petition was for post-conviction relief under Rule 20 of the Temporary Alabama Rules of Criminal Procedure. This petition is based upon a claim of newly discovered evidence. A hearing was ordered on this for March 1989, and, thereafter, Circuit Judge John Bush issued his order denying the requested relief. It is from this final order of Judge Bush that this appeal is taken.
 I
Insofar as any allegation made with reference to the newly discovered evidence claim, we adhere completely to the views heretofore expressed in the opinion of this court on original appeal and reported as Bell v. State, 475 So.2d 601, aff'd,475 So.2d 609 (1985). Likewise, we adhere completely to the views heretofore expressed with reference to the previous claims made at the original trial and conviction in the opinion of the court reported as Bell v. State, 518 So.2d 840 (1987), cert. denied (1988).
We have carefully gone over the trial record again, including the original trial record, with reference to the appellant's contentions concerning the ineffective assistance of counsel on first appeal as a matter of right in accordance with Evitts v.Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Seealso Harrell v. State, 526 So.2d 646 (1988), cert. denied,526 So.2d 646 (Ala.), cert. denied, 488 U.S. 934, 109 S.Ct. 329,102 L.Ed.2d 347 (1988).
Our own independent search in this cause leads us to the conclusion that the circuit court's prior findings of fact and conclusions of law, which are attached as Exhibit A to the original coram nobis proceeding and are reported in Bell v.State, 518 So.2d 840, are correct. The views heretofore expressed in that opinion are hereby reaffirmed in full. SeeWeeks v. State, *Page 1246 456 So.2d 395 (Ala.Crim.App. 1983), aff'd, Ex parte Weeks,456 So.2d 404 (Ala. 1984), cert. denied, Weeks v. Alabama,471 U.S. 1030, 105 S.Ct. 2051, 85 L.Ed.2d 324 (1985). See also, Weeks v.State, [Ms. 5 Div. 484, December 1, 1989] ___ So.2d ___.
 II
A claim of newly discovered evidence was dealt with in the Rule 20 petition. It was claimed that the prior testimony of certain witnesses was incorrect and that they were now testifying as to other matters, which would entitle this appellant to a new trial.
As pointed out in the order and judgment of the circuit court, attached hereto as Exhibit A and made a part hereof, the recantation by certain witnesses as to their testimony heretofore given is indeed contradictory and refuted, so that such is not worthy of belief. As noted by the circuit court, such recanted testimony was not credible and should not be believed.
We agree with this position and determine that, in fact, this appellant has wholly failed to prove his theory of newly discovered evidence that would entitle him to a new trial. To the contrary, we determined that the State's testimony was accurate and truthful and has been so determined by the trial court, and we do affirm that determination.
In an abundance of caution, we have carefully reviewed each allegation and assertion made by Bell. We have carefully considered the work of his counsel on this appeal. We find that this appellant was fully and fairly represented, not only at original trial and on original appeal, but also at the prior coram nobis proceeding and hearing and the appeal therefrom and also at the Rule 20 hearing on this petition and in the appeal presently before this court. We commend the attorneys involved as representing the best traditions of the Bar of the State of Alabama. We reject the appellant's contention as to inadequate and ineffective representation as being utterly without merit, as a matter of fact or law.
We find no error in this appeal. We have carefully reviewed each allegation and the legal arguments offered in support thereof.
For the reasons stated herein, the judgment of the Circuit Court of Chilton County, Alabama, denying the petition under Rule 20, A.R.Crim.P.Temp., seeking post-conviction relief is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.
EXHIBIT A
In the Circuit Court of Chilton County, Alabama
Randy Turpin Bell, Petitioner,
 v.
State of Alabama, Respondent.
Case No. CC 83-35.61.
ORDER ON RULE 20 PETITION
This matter is before the Court upon Bell's Petition for Relief from Conviction or Sentence. The Petitioner filed a Petition for Writ of Error Coram Nobis on May 11, 1986, and the Hon. Walter C. Hayden, Jr., who heard and tried the underlying case of State of Alabama v. Randy Turpin Bell, alias RandyCole, held an evidentiary hearing on December 16, 1986. On March 5, 1987, Judge Hayden denied the Petition for Writ of Error Coram Nobis.
On September 17, 1987, Petitioner filed the petition now before the Court and an evidentiary hearing was held on March 14, 1989.
As noted above, the Hon. Walter C. Hayden, Jr., presided over Petitioner's original case in which Bell was convicted of capital murder for the death of Charles Mims and was sentenced to death. Just prior to the instant Petition being filed, Judge Hayden became stricken with cancer and never fully recovered. Judge Hayden died on January 15, 1989, one day prior to his retirement. Approximately one week prior to Judge Hayden's death this Judge assumed *Page 1247 
responsibility for this case and set the same for an evidentiary hearing.
On March 14, 1989, the Petitioner appeared with Counsel, Hon. J.T. Simonetti, Jr., and testimony was received regarding the merits of his petition in which he primarily raised a claim of newly discovered evidence. Also present was Hon. John Gibbs, Asst. Attorney General. Testimony was received from Ronald Wadsworth, Michael Joe Hubbard, Billy Alston, Hollis Gandy, Benny Mims, and John Perdue.
The Court has now considered the testimony of all witnesses who testified at the hearing, the proposed findings of fact and conclusions of law submitted by both parties, the transcript of an interview with Ronald J. Wadsworth taken March 23, 1987 at Kilby Prison, the transcript of the Error Coram Nobis hearing held December 16, 1986, and a substantial portion of the transcript of the original trial which occurred in May of 1983, as well as the applicable law.
Bell's conviction for the capital murder of Charles Mims and sentence of death were affirmed on appeal. Bell v. State,475 So.2d 601 (Ala.Crim.App. 1984), Aff'd, 475 So.2d 609 (Ala.),cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585
(1985). The denial of Bell's petition for Coram Nobis relief was also affirmed on appeal. Bell v. State, 518 So.2d 840
(Ala.Crim.App. 1987), cert. denied, No. 87-296 (Ala.), cert.denied, 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 611 (1988).
 Legal Standard
Temporary Rule 20.1(e) of the Alabama Rules of Criminal Procedure provides that Rule 20 relief may be had on a claim that:
 (e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:
 (1) the facts relied upon were not known by petitioner or his counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Temporary Rule 13, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and
 (2) the facts are not merely cumulative to other facts that were known; and
 (3) the facts do not merely amount to impeachment evidence; and
 (4) if the facts had been known at the time of trial or sentencing, the result would probably have been different; and
 (5) the facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.
Temporary Rule 20.1(e) basically restates existing Alabama law as to newly discovered evidence.
In order to obtain relief on a claim of newly discovered evidence, a coram nobis petitioner had to make the same showing as would have entitled him to relief on a Motion for new trial based on newly discovered evidence. E.g., Pinkard v. State,461 So.2d 875, 877 (Ala.Cr.App. 1984); Summers v. State,366 So.2d 336, 339 (Ala.Cr.App. 1978), cert. denied, 366 So.2d 346 (Ala. 1979). The claimed newly discovered evidence must not have been known at trial or have been discoverable through the exercise of due diligence. E.g., Lewis v. State, 367 So.2d 542, 544-546
(Ala.Cr.App. 1978), cert. denied, 367 So.2d 547 (Ala. 1979). The claimed newly discovered evidence must be such as would probably have prevented conviction. McDonald v. State,437 So.2d 1337 (Ala.Cr.App. 1982), rev'd, Ex parte McDonald,437 So.2d 1342, on remand, 437 So.2d 1343, appeal after remand,451 So.2d 440. Mere impeachment evidence was not sufficient to warrant a new trial. Jones v. State, 469 So.2d 713, 715
(Ala.Cr.App.), cert. denied, No. 84-651 (Ala. 1985); Tucker v.State, 429 So.2d 1165 (Ala.Cr.App.), cert. denied, Nos. 82-542 and 82-545 (Ala. 1983). Cumulative evidence was not sufficient to warrant a new trial. Divine v. State, 285 Ala. 488, 492,234 So.2d 28 (1970); Robinson v. State, 361 So.2d 1172, 1175
(Ala.Cr.App. 1978).
The standard of proof in a Rule 20 Petition is by a preponderance of the evidence. The Court must believe the evidence of the *Page 1248 
petitioner before the petitioner is entitled to relief.Davis v. State, 518 So.2d 167 (Ala.Cr.App. 1987). During the proceeding the Court may and should determine the reasonableness of the allegations made in the petition and the probability or improbability of their truth. Colvin v. State,521 So.2d 1352 (Ala.Cr.App. 1987).
 Evidentiary Hearing Testimony
At the evidentiary hearing, Bell presented one witness: Ronald Wadsworth. Bell did not testify during his original trial, nor did he testify during the Rule 20 hearing. Respondent called five witnesses: Michael Joe Hubbard, Bill Alston, Hollis Gandy, Benny Mims, and John Perdue. Respondent also introduced one exhibit, a statement by Ronald Wadsworth given to the Attorney General's Office on March 23, 1987.
Ronald Wadsworth testified that, while he was an inmate at the Chilton County Jail, he had a conversation with Michael Joe Hubbard in which Hubbard incriminated himself in the robbery and murder of Charles Mims. According to Wadsworth, Hubbard said that he accidentally shot Charles Mims while he and Bell were robbing him. According to Wadsworth, Hubbard said that he had put a pistol to Charles Mims' head but the pistol had gone off accidentally. Wadsworth testified that another jail inmate, Bill Alston, had been present when Hubbard made this statement.
Wadsworth also testified that, several months after Bell's capital murder trial, he met Hubbard at a "black" nightclub in Clanton. According to Wadsworth, Hubbard bragged that he had gotten rid of Bell and did not have to worry about him. At the time of this alleged conversation, Wadsworth, who is white, was an inmate at the Chilton County Jail. Wadsworth thought that he had mentioned this conversation with Hubbard in his statement to the Attorney General's Office, State's Exhibit 1, but he did not.
Wadsworth did not tell any law enforcement officer about any of his alleged conversations with Hubbard. Wadsworth claimed that he did not want to "snitch" on Hubbard. Wadsworth also claimed that Benny Mims, a deputy sheriff, had told him that he did not "want" Hubbard but rather wanted Bell because Bell was a hit man and drug dealer. Wadsworth claimed that he came forward when he did because he felt that he might have helped plant in Hubbard's mind the prospect of his escaping punishment by placing blame on Randy Bell and he didn't want it on his conscience any longer. Wadsworth also testified that he had, overheard, from the jail kitchen, Hubbard being prepped for his testimony at Bell's trial by Benny Mims, Janice Williams and Bill Hill. Wadsworth admitted that he has been convicted of four robberies and transporting stolen vehicles across state lines.
Michael Joe Hubbard testified at Bell's capital murder trial as well as at the Rule 20 hearing. Hubbard met both Ronald Wadsworth and Billy Alston in the Chilton County Jail before Bell's trial. Hubbard was in jail for a robbery unrelated to the Charles Mims case.
Hubbard never talked about the Charles Mims case with either Alston or Wadsworth. Hubbard recalled Wadsworth asking him about that case on several occasions, but Hubbard never talked to Wadsworth about Charles Mims.
Hubbard met with John Perdue, Benny Mims, and others about the Charles Mims case. He always talked to them outside the jail and never talked to them where another jail inmate could overhear the conversation.
Billy Alston was an inmate at the Chilton County Jail when Hubbard was there. Alston also knew Wadsworth. Hubbard never confessed to murdering Charles Mims to Alston. Alston was not present at any conversation between Hubbard and Wadsworth in which Hubbard admitted murdering Charles Mims. Alston did recall that Wadsworth wanted to get Hubbard drunk so that he would talk.
Both John Perdue and Benny Mims questioned Hubbard in connection with the Charles Mims murder. They always talked *Page 1249 
to Hubbard away from the jail, in the Sheriff's Office or the Grand Jury Room, and never talked to him where their conversation could have been overheard by a person in the jail kitchen. Hollis Gandy interviewed Wadsworth and recorded the interview, State's Exhibit 1. Wadsworth never told Gandy about the purported conversation with Hubbard at the nightclub in Clanton.
 Findings of Fact
Based upon the evidence and testimony presented, as well as the demeanor of the witnesses, the Court finds the following:
1. Ronald Wadsworth, based upon his history, testimony and demeanor, is not a credible witness. To the contrary, his testimony was shown to not be worthy of belief when compared with the testimony of others. Further, his explanation of his reasons for withholding his testimony at the time of trial is not credible. His claim that the authorities did not "want" Hubbard but wanted Bell was contradicted by Benny Mims, who is a credible witness. Also, Wadsworth's claim that he came forward out of a concern for justice and to purge a guilty conscience is unbelievable.
2. Michael Joe Hubbard did not tell Ronald Wadsworth that he had accidentally shot Charles Mims while he and Bell were robbing Mims.
3. Michael Joe Hubbard did not tell Wadsworth, during a conversation at a nightclub while Wadsworth was a jail trustee, that he had gotten rid of Bell by his testimony at trial.
4. Michael Joe Hubbard did not have a conversation with Wadsworth in which he incriminated himself in the murder of Charles Mims.
5. Billy Alston, who Wadsworth named as a witness to Hubbard's confession, did not witness nor hear an incriminating statement made by Hubbard.
6. Michael Joe Hubbard was always questioned about the Mims murder at places other than the Chilton County Jail. Therefore, Wadsworth's claims that he overheard conversations between Hubbard and the authorities are not true.
The Petitioner has not met his burden of proof and has not shown that newly discovered evidence warranting a new trial exists. Even if Wadsworth had come forward earlier, his testimony if believed, may have been offered as impeachment to Hubbard's trial testimony, at best.
This Court finds that there is no reasonable probability that the presentation of such unbelievable and false testimony would have affected the outcome of either the guilt or punishment stages of Bell's trial. Wadsworth's unbelievable testimony does not show that Bell was innocent of the murder of Charles Mims.
It is therefore, ORDERED that Petitioner's Petition for Relief from Conviction and/or Sentence due to Newly Discovered Evidence is DENIED.
DONE and ORDERED this 10th day of July, 1989.
/s/ John B. Bush John B. Bush — Circuit Judge