Keith Barnard Elliott was convicted of unlawful distribution of a controlled substance. His conviction was affirmed by this court.
Elliott's Rule 32 petition was denied by the circuit court of Franklin County.
Elliott alleges that the trial court erred by denying his petition on the ground of newly discovered evidence. Elliott further alleges that he was denied effective assistance of counsel.
 Issue I Newly Discovered Evidence
The newly discovered evidence consists of Jennifer Bryant's testimony about an entry in her diary that showed that Elliott stayed with her until 10:00 p.m. on the day that he was supposed to have made the drug sale for which he was charged. Allegedly, Elliott made the drug sale on July 6, 1988 at 9:49 p.m.
The trial court found that information obtained from Jennifer Bryant after the trial but before sentencing was in fact available to Elliott at the time of trial or before sentencing.
The standard for reviewing post conviction review was stated in this court's decision in Bell v. State, 565 So.2d 1244
(Ala.Cr.App. 1990). The full standard is set out on page 1247 of the opinion. The crux of the standard is that the newly discovered evidence must not have been known at trial or have been discoverable through the exercise of due diligence, and it must be such that would have probably prevented conviction. The standard of proof in a post conviction proceeding is by a preponderance of the evidence.
The standard of review on appeal in a post conviction proceeding is whether the trial judge abused his discretion when he denied the petition. Ex parte Heaton, 542 So.2d 981
(Ala. 1989). We hold that there was no abuse of discretion by the trial court by denying the alleged newly discovered evidence aspect of Elliott's petition.
 Issue II Ineffective Assistance of Counsel
Elliott asserts that his trial counsel was ineffective because he did not act on information given to him by Jennifer Bryant. This assertion is without merit. Trial counsel did not know of Bryant until after the appeal was filed. No one mentioned Bryant's diary. He knew nothing about her diary. Elliott has not met the burden cast upon him underStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). He has the burden of showing counsel's error which would have probably changed the result of the trial. This, he has not done.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a retired State Supreme Court justice, and his opinion is adopted as that of the court.
AFFIRMED.
All Judges concur.